IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARING PARK,<br><br>    Plaintiff,<br><br>  v.<br><br>SOCIAL SECURITY ADMINISTRATION,<br><br>    Defendant.<br>                                           / | No. C 18-06603 WHA<br><br>**ORDER GRANTING IFP APPLICATION, DISMISSING COMPLAINT WITH LEAVE TO AMEND, AND DENYING REQUEST FOR COUNSEL** |

*Pro se* plaintiff Waring Park has filed an application to proceed *in forma pauperis* (IFP) in this action against the Social Security Administration. Plaintiff Park also requests the appointment of counsel.

**1. APPLICATION TO PROCEED *IN FORMA PAUPERIS*.**

Pursuant to 28 U.S.C. § 1915(a), a federal court may authorize a plaintiff to prosecute an action without prepayment of filing fees if the plaintiff submits an affidavit showing that he is financially unable to do so. Two prior orders denied plaintiff's IFP application without prejudice, noting that the application was incomplete and missing two pages (Dkt. Nos. 4, 8).

Plaintiff has now submitted a complete IFP application (Dkt. No. 10). It is evident from plaintiff's application that his assets and income are insufficient to enable him to pay the filing fees. Thus, plaintiff's application to proceed *in forma pauperis* is **GRANTED**.

**2. DISMISSAL OF COMPLAINT WITH LEAVE TO AMEND.**

Even though plaintiff is granted IFP status, service of the complaint shall *not* be undertaken by the United States Marshals Service. Once a plaintiff has been permitted to

proceed IFP, the court is under a continuous duty to dismiss the action if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C § 1915(e)(2)(B)(i)–(iii). For purposes of Section 1915, a frivolous claim is one that lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). To state a claim for relief, the complaint must contain a "short and plain statement showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A court must liberally construe any *pro se* filings and afford the petitioner the benefit of any doubt. *Hebbe v. Piller*, 627 F.3d 338, 341–42 (9th Cir. 2010).

Here, even under a liberal construction, the complaint does not contain a short and plain statement showing plaintiff is entitled to relief. Based on a careful reading of the complaint, plaintiff seems to be contesting a decision by the Social Security Administration to suspend his Supplemental Security Income (SSI) payments. It is unclear when exactly the suspension occurred, but plaintiff is requesting an "injunction to enable return to 'status quo ante,' namely restoration of Supplement Security Income payments, while the appeal is being argued" (Compl. at 2).

Construing the claim liberally, plaintiff seeks to contest the suspension of his SSI payments and requests immediate judicial review of the Social Security Administration's decision. Congress, however, has expressly provided for limited circumstances under which an individual may bring suit against the Social Security Administration:

> Any individual, after any *final decision of the Commissioner of Social Security* made after a hearing to which he was a party, . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g) (emphasis added). Section 405(h) clarifies further:

> No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under Section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

2

Thus, judicial review of administrative decisions by the Social Security Administration is limited to a final decision of the Commissioner of Social Security. *Califano v. Sanders*, 430 U.S. 99, 108 (1977). And, a final decision of the Commissioner of Social Security requires: "(1) presentment of the claim to the Commissioner, and (2) complete exhaustion of administrative remedies." *Kildare v. Saenz,* 325 F.3d 1078, 1082 (9th Cir. 2003).

The Social Security Administration's regulations further lay out the required process to go from an initial determination to a final decision of the Commissioner. An individual who is dissatisfied with the Social Security Administration's initial determination must (1) first seek administrative reconsideration, (2) then seek an administrative hearing, (3) then file a request for Appeals Council review of the decision. *See* 20 C.F.R §§ 416.1407, 416.1429, 416.1467. Only when the Appeals Council either denies review or grants review and issues a decision is the administrative review process complete. Only then may the final decision of the Commissioner be judicially reviewed. 20 C.F.R. § 416.1481.

Here, plaintiff has not established that he has exhausted his administrative remedies and obtained a final decision from the Commissioner. In his complaint, plaintiff mentioned that his SSI monthly payments were suspended because he opened a money account. It seems that plaintiff argued against this initial determination, but the appeal was allegedly ignored, and plaintiff was unable to follow up due to a bicycle accident (Compl. at 2–3). Even under a liberal construction where plaintiff is given the benefit of the doubt, the complaint cannot be said to contain the necessary facts to establish that a final decision of the Commissioner exists, which is needed to establish jurisdiction for judicial review. Therefore, the complaint is **DISMISSED** with leave to amend.

### 3. MOTION FOR APPOINTMENT OF COUNSEL

A court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The decision to appoint such counsel is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). A finding of exceptional circumstances requires an evaluation of both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his

claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).

At this stage, this order does not find the requisite exceptional circumstances as plaintiff has demonstrated neither a likelihood of success on the merits nor the presence of complex legal issues. Until plaintiff exhausts his administrative remedies, it is unclear whether judicial review will even be necessary. The Social Security Administration could decide, through its administrative process, that plaintiff deserves to have his SSI benefits reinstated, eliminating the need for judicial review entirely. Further, plaintiff's request for appointment of counsel seems largely dependent on his difficulty in sending and receiving correspondence in connection with the instant action rather than the presence of complex legal issues (Compl. at 2; Dkt. No. 6). Thus, plaintiff's motion for appointment of counsel is **DENIED**.

## CONCLUSION

In conclusion, plaintiff Park's application to proceed *in forma pauperis* is **GRANTED.** The complaint is **DISMISSED** with leave to amend. Finally, plaintiff Park's motion for appointment of counsel is **DENIED**.

Plaintiff may find it useful to contact the Legal Help Center, a free service offered by the Justice & Diversity Center of the Bar Association of San Francisco. Help Centers are located at the San Francisco and Oakland Courthouses and assistance is available by appointment. *To make an appointment, call (415) 782-8982. See also* https://www.cand.uscourts.gov/legal-help.

**IT IS SO ORDERED.**

Dated: April 23, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4