IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WARING PARK,

    Plaintiff,

v.

SOCIAL SECURITY ADMINISTRATION,

    Defendant.

No. 18-06603 WHA

**ORDER ON MOTIONS TO APPOINT COUNSEL AND CONSOLIDATE**

*Pro se* plaintiff Waring Park has renewed his request for appointment of counsel and moved to consolidate the instant action with two other actions (Dkt. Nos. 16, 17).

As background, plaintiff filed the instant action to seemingly contest a decision by the Social Security Administration to suspend his Supplemental Security Income payments (*see* Dkt. No. 1). Liberally construing the complaint as an appeal of the Social Security Administration's decision, a prior order dated April 23 dismissed plaintiff's complaint with leave to amend for failure to establish jurisdiction. Specifically, plaintiff had failed to establish that he had exhausted his administrative remedies and obtained a final decision from the Commissioner such that a district court has jurisdiction for judicial review (Dkt. No. 11 at 2–3). That order also denied plaintiff's prior request for appointment of counsel, as plaintiff had not demonstrated a likelihood of success on the merits or the presence of complex legal issues (*id.* at 4).

Turning to the instant motions, plaintiff again requests appointment of counsel, stating that his "cancer treatment has been interrupted" (Dkt. No. 16 at 1). As the prior order advised plaintiff, however, a district court's decision to appoint counsel "is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). A finding of exceptional circumstances requires an evaluation of both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). As of the date of this order, plaintiff has not attempted to amend his complaint and thus the fact remains that until he exhausts his administrative remedies, it is unclear whether judicial review will be necessary. Nor has plaintiff demonstrated the likelihood of success on the merits or the presence of complex legal issues in his renewed request for counsel. Accordingly, plaintiff's request for appointment of counsel is **DENIED**.

Plaintiff further filed a letter titled "Emergency," in which he states that he "was assaulted by the kids of the owner of the property" he then-occupied and accordingly requests "a consolidation of cases" brought by plaintiff in this district (Dkt. No. 17 at 1). Specifically, plaintiff moves to consolidate the instant action with *Park v. United States*, Case No. C 18-06621 (Judge Susan Illston) and *Park v. University of California San Francisco*, Case No. C 17-05944 (Judge Haywood Gilliam Jr.). Those actions before Judges Illston and Gilliam Jr., however, have already been dismissed and subsequently closed. That is, Judge Gilliam Jr. dismissed *Park v. University of California San Francisco* with prejudice in November 2017 (Case No. 17-5944, Dkt. No. 9). Judge Illston dismissed *Park v. United States* without leave to amend in February 2019 and subsequently denied plaintiff's motion for reconsideration in April 2019 (Case No. 18-6621, Dkt. Nos. 18, 21). Plaintiff's motion to consolidate is thus **DENIED**.

\* \* \*

The deficiencies in plaintiff's complaint discussed above and in the order dated April 23 remain. Plaintiff may file an amended complaint by **SEPTEMBER 6**. Failure to adhere to this deadline will likely result in the dismissal of this action with prejudice.

**IT IS SO ORDERED.**

Dated: August 20, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE