1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WARING PARK,

        Plaintiff,

  v.

SOCIAL SECURITY ADMINISTRATION,

        Defendant.

                            /

No. 18-06603  WHA

**ORDER DISMISSING COMPLAINT**

      Prior orders have set forth the background of this case (*see* Dkt. Nos. 11, 18).  In brief, *pro se* plaintiff Waring Park filed the instant action seeking, as liberally construed, review of the Social Security Administration's suspension of his Supplemental Security Income payments.  A prior order dated April 23 dismissed the complaint for failure to establish jurisdiction.  As that order explained, Congress has expressly provided for limited circumstances under which an individual may bring suit against the SSA — namely, where the Commissioner of Social Security has made a final decision (Dkt. No. 11 at 2 (quoting 42 U.S.C. § 405(g))).  The SSA's regulations further provide that an individual seeking to contest the SSA's initial determination must (1) seek administrative reconsideration, (2) seek an administrative hearing, (3) then file a request for Appeals Council review of the decision.  Only after the Appeals Council denies or grants review is the Commissioner's final decision judicially reviewable (*id*. at 3 (citing 20 C.F.R §§ 416.1407, 416.1429, 416.1467, 416.1481)).

That April 23 order dismissed plaintiff's complaint with leave to amend for failure to allege facts — even under liberal construction and giving plaintiff the benefit of the doubt — that establish a final decision by the Commissioner (*ibid.*).    Another order dated August 20 denied plaintiff's requests for appointment of counsel and consolidation with two prior (already dismissed) lawsuits filed before different district judges.  It further gave plaintiff until September 6 to file an amended complaint (Dkt. No. 18).

Plaintiff's recently filed amended complaint still fails to allege facts establishing jurisdiction.  Instead, it merely states, as relevant here, that "[s]uspension of payment — and everything else — implies a final decision, because it is unlawful to suspend payment before the conclusion of the appellate process.  Payment has been suspended for over eighteen (18) months, and therefore this Court has jurisdiction" (Dkt. No. 23 at 1).  This, however, does not establish that plaintiff *exhausted his administrative remedies*, as the SSA's regulations require. There are no facts suggesting, even when liberally construed, that there exists a final decision by the Commissioner that is judicially reviewable.  Because plaintiff seems to only double down on his insistence that such facts are sufficient to establish jurisdiction — which this order disagrees with for the reasons stated above — the amended complaint is **DISMISSED** without leave to amend.  Plaintiff's request to substitute defendants and renewed request for appointment of counsel (Dkt. No. 24) are **DENIED**.  Judgment will follow.

**IT IS SO ORDERED.**

Dated:  October 29, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE